In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | | |
|---|---|---|
| **David Patrick Worrell, #02454-007,** Petitioner, vs. **John J. LaManna, Warden, FCI Edgefield,** Respondent. | ) | Civil Action No. 9:07-1784-HMH-GCK **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

## I. INTRODUCTION

The petitioner, David Patrick Worrell ("Petitioner" or "Worrell"), a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II. BACKGROUND

The Petitioner was sentenced on March 1, 2004 to a 151-month term of incarceration in the United States District Court for the Eastern District of North Carolina, for Possession with the Intent to Distribute Cocaine and Possession with the Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1). [Respondent's Exhibit #4, Judgment and Commitment Order in 4:03CR00049-001]. Worrell is currently incarcerated at the Federal Correctional Institution ("FCI") Edgefield in Edgefield, South Carolina, and has a projected release date of March 17, 2014, via Good Conduct Time ("GCT") Release. [Respondent's Exhibit #5, Sentence Monitoring Computation Data].

The Petitioner properly has named the Warden at FCI Edgefield, as the respondent (the "Respondent") in his petition (the "Petition"). *See Braden v. 30th Judicial Circuit Court of*

*Kentucky*, 410 U.S. 484, 498 (1973) (the proper respondent in a habeas petition is the custodian of the prisoner.).

The Petitioner filed his petition [1] on June 29, 2007, and later filed an amended petition [9] (collectively referred to herein as the "Petition") asserting that 69-days of Jail Credit Time ("JCT") and 45-days of District of Columbia Education Good Time ("DCEGT") credits were removed from the calculation of his previous sentence. Worrell claims the omission of the 69-days of JCT and 45-days of DCEGT has prolonged the service of the sentence which has allowed an invalid parole detainer to stand. Worrell also claims that his attempts to have a probation warrant issued by the State of Maryland removed from his records have been futile. Lastly, Worrell alleges that he has not had the ability to have the issue of whether the Government has failed to meet its burden of establishing two prior convictions for controlled substance offense were adjudicated on the merits in his prior 21 U.S.C. § 2255 petition. Worrell requests that the Court order the proper computation of his District of Columbia sentence, and that the record of his prior convictions be provided through certified judicial judgments.

On September 27, 2007, the Respondent filed an answer and return [15], and on November 14, 2007, the Respondent filed a motion for summary judgement and supporting documents. [23] By order filed November 15, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. [25] On November 27, 2007, the Petitioner filed a response in opposition to the motion for summary judgment. [27] Hence, this case is ripe for review by the undersigned.

## III. DISCUSSION

### A. Subject Matter Jurisdiction

This action is brought pursuant to 28 U.S.C. § 2241 which states in part:

(a) Writs of habeas corpus may be granted by the ... district courts ... within their ... jurisdiction ...

(c) The writ of habeas corpus shall not extend to a prisoner unless-

> (1) [The prisoner] is in custody under or by color of the authority of the United States ... or ...
>
> (3) [The prisoner] is in custody in violation of the Constitution or laws or treaties of the United States.

The Respondent concedes that under Section 2241, an inmate can challenge the manner in which the BOP carries out his sentence and therefore the Court has subject matter jurisdiction to entertain Worrell's challenges to his sentence computation as well as to the State of Maryland detainer. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809-10 (D.C. Cir. 1988). However, the Respondent contends that the Court does not have jurisdiction under Section 2241 to entertain Worrell's challenges to issues concerning the sentence imposed upon him. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted Section 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See In Re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997). "[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The Respondent asserts that since Worrell is seeking relief, in part, from his conviction and sentence, the relief he seeks in this petition is available, if at all, only under 28 U.S.C. § 2255.

In the present Petition, Worrell claims he has not had the ability to have the issue of whether the Government failed to meet its burden of establishing that two prior convictions for controlled substance offenses adjudicated on the merits. On February 27, 2004, Worrell filed an appeal in the United States Court of Appeals for the Fourth Circuit. [Respondent's Exhibit #1, Criminal Docket For Case #4:03-cr- 00049-H-1, Page 6]. On August 17, 2005, the Fourth Circuit in an unpublished opinion, affirmed Worrell's conviction and dismissed his appeal as to the district court's denial of his motions for a downward departure. [Exhibit #2, Unpublished

Opinion in U.S. v. Worrell, No. 04-4202]. On March 30, 2006, Worrell filed a motion under 28 U.S.C. § 2255 to vacate his sentence. [Respondent's Exhibit 4 #1, Page 7]. On December 20, 2006, the United States District Court for the Eastern District of North Carolina dismissed Worrell's Section 2255 petition. [Respondent's Exhibit #3, Order Dismissing § 2255 petition]. Worrell claims that a second or successive Section 2255 motion on this issue would be an ineffective test as to the legality of his detention; thus, he is entitled to pursue this issue under Section 2241. Respondent asserts this argument is misplaced, reasoning that if a prisoner's Section 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the Section 2255 motion was inadequate, or ineffective. *See In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (the remedy afforded by Section 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a Section 2255 motion). In order to show that a second or successive Section 2255 motion would be inadequate or ineffective, a prisoner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first Section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; (3) the prisoner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law." *In Re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). It does not appear to the Court that Worrell has not set forth any set of facts which could be found to meet the test announced in *Jones*.

To summarize, to the extent Worrell's Petition attacks the execution of his sentence, the Court has subject matter jurisdiction under Section 2241. However, to the extent that Worrell's Petition challenges the validity of his conviction or sentence, then Section 2241 is inapplicable, as Section 2255 is the proper vehicle for mounting such a challenge. *See In re Vial*, 115 F.3d at 1194 (4th Cir.1997); *see also United States v. Flores*, 616 F.2d 840, 841 (5th Cir.1980) (noting § 2255 is appropriate remedy for errors that occurred at sentencing). Thus, the Court does not

have jurisdiction to entertain that part of Worrell's Petition which challenges whether the Government failed to meet its burden of establishing that two prior convictions for controlled substance offenses were adjudicated on the merits.

**B. Exhaustion of Administrative Remedies**

It is well established that a federal prisoner challenging the execution of his sentence must first exhaust administrative remedies before seeking review in federal court pursuant to Section 2241. *See Woodford v. Ngo*, 126 S.Ct. 2378 (2005) (the PLRA requires "proper exhaustion" of administrative remedies); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241); *McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004) (*per curiam*);[1] *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *Cano v. Pettiford*, 2007 WL 2579971 (D.S.C. Sept. 4, 2007) (CMC-JRM); *Pierce v. Pettiford*, 2006 WL 4571650 (D.S.C. July 21, 2006) (GRA-JRM), *aff'd by unpublished per curiam opinion*, (06-7501), November 27, 2006.[2]

Respondent argues, and this Court agrees, that the Petitioner has failed to exhaust his formal administrative remedies prior to filing this action.[3] [Respondent's Exhibit #6, Affidavit of Roy Lathrop]. Specifically, on November 15, 2006, Worrell filed a Request for Administrative Remedy with the Warden which claimed that his sentence computation was wrong. [Id., ¶4]. On December 1, 2006, the Warden responded to Worrell and denied his request. [Id.]. On December 19, 2006, Worrell filed a Regional Administrative Appeal to the Southeast Regional Director appealing the Warden's decision. [Id., ¶5]. On January 22, 2007,

---

1 The panel in *McClung* was comprised of Judge Wilkinson, Judge Williams, and Senior Judge Hamilton.

2 The panel consisted of Judges Widener, Wilkinson, and Motz.

3 *See* [23] at pp. 5-9. The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10.

the Regional Director denied Worrell's appeal. [Id.]. On February 26, 2007, Worrell filed a Central Office Administrative Appeal with the BOP's Central Office appealing the Regional Director's decision. [Id., ¶6]. On February 27, 2007, Worrell's appeal was rejected because he had not provided copies of relevant documents. [Id.]. Worrell was informed he could resubmit his appeal within 15 days, with copies of the relevant documents. [Id.]. On April 2, 2007, Worrell resubmitted his Central Office Administrative Appeal. [Id., ¶7]. Again, Worrell's appeal was rejected because he had not complied with the instruction to provide copies of the relevant documents. [Id.]. Worrell again was instructed he could re-file his appeal within 15 days. [Id.]. The Respondent asserts that Worrell has not attempted to re-file his Central Office Administrative Appeal in the proper form. [Id., ¶8]. There is no record in the BOP's Administrative Remedy Database that Worrell has filed any administrative remedies concerning a detainer or anything related to his prior convictions. [Id., ¶9]. Thus, Worrell pursued his administrative remedies up to the Central Office Administrative Appeal but not beyond that level.

In his Petition, Worrell claims that he complained of the facts at bar by using the prison's internal grievance procedure, and the result was that the "claims were denied [and] the process is 'futile'".[4] He does not explain, however, the reason that futility would apply at the present time, when he initially pursued exhaustion of the BOP administrative remedies. Furthermore, while futility has been recognized as a defense to exhaustion in Section 2241 Petitions, it appears to this Court that the exhaustion has been held to be futile only where the habeas petition was attacking the underlying validity of 28 C.F.R. §§ 570.20 and 570.21 (not the application of those regulations). *See Boston v. Bauknecht*, No. 6:07-cv-0250, 2007 WL 3119482, at *2 (D.S.C. Oct. 22, 2007) and *Maclean v. Bauknecht*, No. 8:07-cv-0330, 2007 WL 4292795, at *3 (D.S.C. Dec. 5, 2007), *see also*, *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 239 n. 2 (3d Cir. 2005)

---

4 Petition [9] at p.2. at ¶ 15(a)(1).

(upholding the district court's finding that exhaustion would be futile when a petitioner attacks the validity of the BOP regulations); *Dunkley v. Hamidullah*, 2007 WL 2572256, at * 4 (D.S.C. August 31, 2007) ("exhaustion would be futile 'because the BOP has adopted a clear and inflexible policy regarding its interpretation of 18 U.S.C. § 3624(c).'") (*quoting Fagiolo v. Smith*, 326 F.Supp.2d 589, 590 (M.D.Pa. 2004)).

The Fourth Circuit has clearly indicated that failure to exhaust may only be excused upon a showing of cause and prejudice. *McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004) (unpublished) (*citing Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634-35 (2nd Cir. 2001)). Therefore, it is recommended that Worrell's Petition be dismissed because he has not presented his issues for administrative review at all levels of the formal administrative remedy process.

**RECOMMENDATION**

Based upon the reasons set forth above, it is recommended that the Petitioner's Petition [9] be dismissed, and that the Respondent's motion for summary judgment **[23] should be granted.**

George C. Kosko

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

May 21, 2008

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).